UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHINA AUTO CAIEC, LTD., <br><br> *Plaintiff*, <br><br> -against- <br><br><br> RAGARCA GROUP OF AMERICA, INC., <br><br> *Defendants*. | Case No. 17-cv-23574-UU <br><br> **Declaration in Opposition to Attorney Gustavo A. Gutierrez's Motion to Withdraw as Counsel of Record** |

I, Jean-Claude Mazzola, an attorney duly admitted to practice before this court, and counsel of record for plaintiff China Auto CAIEC, Ltd., state the following under penalty of perjury, pursuant to 28 USC 1746:

1. The complaint in this matter was filed and timely served in 2017, and ultimately, due to defendant's failure to timely answer, a default judgment was taken against it. The court awarded $705,653.40 in favor of the plaintiff, with interest accruing subsequent to December 21, 2017.

2. On November 21, 2017, attorney Gustavo A. Gutierrez purported to make a "limited appearance" as counsel for the defendant. However, there is no such thing in the law as a limited appearance. One is either an attorney for a party, or one is not. See *Johnson v. Bd. of County Com'rs County of Fremont*, 868 F. Supp. 1226, 1229 (Dist. Colorado 1994).[1]

---

[1] "[Attorney] Greer was ordered to show cause why all pleadings filed on behalf of Cheek [the defendant] should not be stricken and under what legal authority Greer presumed to enter a limited appearance on Cheek's behalf. The order was entered pursuant to a court's inherent power to control and supervise proceedings before it." Holding that the "limited appearance" was improper, the court struck the pleadings filed by attorney Greer, and dismissed him as counsel, directing the defendant to either proceed pro se or obtain new counsel within thirty days, and file an answer, lest he be in default.

3. While the *Johnson* case would support a determination that a pleading filed by the defendant should be stricken, we are quite beyond that in this case, as we are already in the collection phase of this action.

4. Attorney Gutierrez's motion was apparently prompted by our service upon him, as counsel for the defendant, an information subpoena, which seeks information as to the whereabouts of the defendant's assets. A copy of that subpoena is annexed hereto as **Exhibit A.** The motion that has been made appears to be intended to – for it certainly has the effect – of slowing down collection efforts.

5. We therefore oppose the motion, as it could have been made years ago, and is only now made to forestall collection efforts.

6. If, however, the court is inclined to grant attorney Gutierrez's motion, we respectfully request that the court allow all further papers that plaintiff may serve in this case to be served upon the defendant via email. Additionally, we request that the court direct Mr. Guttierrez to disclose whether (and when) the information subpoena that has been served upon the defendant, by email to Mr. Guttierez, has been forwarded on to defendant Ragarca and its principal Mr. Juan G. Ramos.

7. We further request that the court schedule a teleconference at its earliest with either Mr. Gutierrez (if he is not relieved as counsel) or with the defendant, so that a date may be set for the forthcoming motion to hold the defendant and its principal Juan G. Ramos in contempt for failing to timely respond to the information subpoena, which, as noted above, was served upon the defendant on May 10, 2019.

Dated: New York, New York
       May 20, 2019

                                           Respectfully submitted,

By: _____
    Jean-Claude Mazzola (FL 73466)
    Mazzola Lindstrom LLP
    733 Third Avenue, 15th Floor
    New York, New York 10017
    (646) 216-8585
    jeanclaude@mazzolalindstrom.com

4830-0422-8503, v. 2