AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| China Auto CAIEC, Ltd., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:17-cv-23574-UU |
| Ragarca Group of America, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ragarca Group of America, Inc., c/o Gustavo Gutierrez, Esq. and Maria L. Larrabure, Esq.,
Sanchez Vadillo LLP, 11402 NW 41st Street, Suite 202, Doral, Florida 33178

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Mazzola Lindstrom LLP<br>733 3rd Avenue, 15th Floor<br>New York, NY 10017 | Date and Time:<br><br>06/10/2019 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/10/2019

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
China Auto CAIEC, Ltd.                                                      , who issues or requests this subpoena, are:
Mazzola Lindstrom LLP

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:17-cv-23574-UU

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-23574-UU  Document 27-1  Entered on FLSD Docket 05/20/2019  Page 3 of 8

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit A

## Questions for Business Entity

1. Name of business including all trade names.

2. Addresses of all business locations.

3. If the judgment-debtor is a corporation, the names and addresses of all stockholders, officers and directors.

4. If a partnership, list the names and addresses of all partners.

5. If a limited partnership, list the names and addresses of all general partners.

6. Set forth in detail, the name, address and telephone number of all businesses in which the principals of the judgment-debtor now have an interest and set forth the nature of the interest.

7. For all bank accounts of the judgment-debtor business entity, list the name of the bank, the bank's address, the account number and the name in which the account is held.

8. Specifically state the present location of all books and records of the business including checkbooks.

9. State the name and address of the person, persons or entities who prepare, maintain and/or control the business records and checkbooks.

10. List all physical assets of the business and their location. Such assets (other than real property and automobiles) shall include but not be limited to: furniture, artworks, antiques, stamps, computers, computer equipment, telephones and cell phones, and collectibles.

    (a) If any asset is subject to a lien, state the name and address of the lienholder and the amount due on the lien.

11. Does the business own any real estate? Yes ____ or No ____. If yes, state the following for each property:

    (a) Name(s) in which property is owned

    (b) Address of property

    (c) Date property was purchased

    (d) Purchase price

    (e) Name and address of mortgage holder

    (f) Balance due on mortgage

    (g) The names and address of all tenants and monthly rentals paid by each tenant.

12. List all motor vehicles owned by the business, stating the following for each vehicle:

(a) Make, model and year

(b) License plate number

(c) Vehicle identification number

(d) If there is a lien on the vehicle, the name and address of the lienholder and the amount due on the lien.

13. List all accounts receivable due to the business, stating the name, address and amount due on each receivable.

| Name | Address | Amount Due |
| --- | --- | --- |

14. For any transfer of business assets that has occurred within eighteen months from the date of this subpoena, specifically identify:

(a) The nature of the asset.

(b) The date of the transfer.

(c) Name and address of the person to whom the asset was transferred.

(d) The consideration paid for the asset and the form in which it was paid (check, cash, etc.)

(e) Explain in detail what happened to the consideration paid for the asset.

15. If the business is alleged to be no longer active, set forth:
    (a) The date of cessation.

    (b) All assets as of the date of cessation.

    (c) The present location of those assets.

    (d) If the assets were sold or transferred, set forth:

        (1) The nature of the assets

        (2) Date of transfer

        (3) Name and address of the person to whom the assets were transferred

        (4) The consideration paid for the assets and the form in which it was paid

        (5) Explain in detail what happened to the consideration paid for the assets

16. Set forth all other judgments that you are aware of that have been entered against the business and include the following:

| Creditor's Name | Attorney | Amount Due | Court/Docket No. |
| --- | --- | --- | --- |

17. For all litigation in which the business is presently involved, state:
    (a) Date litigation commenced

    (b) Name of party who started the litigation

    (d) Nature of the action

    (d) Names of all parties and the names and addresses, and telephone numbers of their attorneys.

    (e) Trial date

4831-0956-2774, v. 1

(f) Status of case

(g) Name of the court and docket number

18. Does the judgment-debtor business entity have a Bitcoin account, or similar account holding crypto-currency?      Yes _____      or      No _____.  If yes:

(b) Identify the type of crypto-currency.

(c) State the current value.

(d) Identify where the crypto-currency is stored.

19. State the name, address and position of the person answering these questions.

## Verification Under Penalty of Perjury

Deponent is the recipient of an information subpoena herein, of the original and a copy of questions accompanying said subpoena and a prepaid self-addressed return envelope.

Sworn to before me this ___ day of _____, 2019.

Notary Public

_____
Juan Ramos, Principal of
Judgment Debtor
Ragarca Group of America, Inc.

4831-0956-2774, v. 1